LENOX SHOPS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15684. Promulgated November 7, 1928.

*George H. Bond, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, and *George S. Herr, Esq.*, for the respondent.

## OPINION.

ARUNDELL: If the amount sought to be deducted is allowable, it must be either as a debt ascertained to be worthless and charged off during the taxable year or as a loss sustained during the taxable year. In his brief counsel for the petitioner argues that the amount is deductible as a bad debt.

70

To be entitled to the claimed deduction as a bad debt the petitioner must prove not only that a debt, in fact, existed, but that it was ascertained to be worthless and was charged off within the taxable year. *Georgetown Grocery Co.* v. *United States*, 63 Ct. Cls. 160; *Remington Typewriter Co.*, 4 B. T. A. 880; and *H. L. Gueyden*, 4 B. T. A. 1250. This burden it has failed to sustain.

At no time during the taxable year did Rosenbaum & Co. admit liability for the return of the whole or any part of the sum advanced to it. On the contrary, it was claiming damages for an additional amount. The efforts of the petitioner in the taxable year were directed to the establishment of its legal right to the fund rather than to an ascertainment of the worthlessness of the alleged debt. We have heretofore held that a debt does not become worthless because of inability to establish legally the liability for the debt. *Luke & Fleming, Inc.*, 1 B. T. A. 12, and *Federal Fuel Co.*, 3 B. T. A. 814.

Counsel for the petitioner concedes in his brief that there was no charge-off of the account as of January 12, 1920. He argues, however, that the letter of January 12, 1920, referred to in our findings of fact, meets the requirements of the Act in this respect. Opposed to this argument we have the testimony of petitioner's secretary and treasurer that the charge-off was withheld pending the outcome of the suit instituted against Rosenbaum & Co. From this testimony it seems evident that there was no intention to charge off the item until the claims were compromised.

If the deduction be one that is governed by the loss provisions of the statute, we would nevertheless reach the same conclusion, for it was not until the final settlement of the claims between petitioner and Rosenbaum & Co., which occurred in October, 1920, that the former knew definitely what, if any, loss it might sustain.

The petitioner asks that in case we hold that the item is not deductible, the amount of $750 paid to Chapman, in reimbursement of sums expended by him during the taxable year incident to the bond issue and litigation, be allowed as an ordinary and necessary business expense for the fiscal year ended June 30, 1920. The record is silent on the question of whether petitioner was on the cash or accrual basis of accounting. The petitioner did not repay Chapman's expenses until after June 30, 1920, and the record does not show whether or not a bill for the expenditures was received during the taxable year to accrue on its books. The request must be denied.

*Judgment will be entered for the respondent.*